**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:22-cv-00619-MR**

| | |
|---|---|
| ELIZABETH D. MCMULLEN,　　　　　) | |
| 　　　　　　　　　　　　　　　　　) | |
| 　　　　　　**Plaintiff,**　　　　) | |
| 　　　　　　　　　　　　　　　　　) | |
| **vs.**　　　　　　　　　　　　　) | **ORDER** |
| 　　　　　　　　　　　　　　　　　) | |
| **NCDPS,**　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　) | |
| 　　　　　　**Defendant.**　　　　) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's

Complaint [Doc. 1] filed under 42 U.S.C. § 1983. See 28 U.S.C. §§

1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2,

7].

**I.　　BACKGROUND**

Pro se Plaintiff Elizabeth D. McMullen ("Plaintiff") is a prisoner of the

State of North Carolina currently incarcerated at Anson Correctional

Institution in Polkton, North Carolina. On November 14, 2022, she filed this

action pursuant to 42 U.S.C. § 1983, naming the North Carolina Department

of Public Safety (NCDPS) as the sole Defendant. [Doc. 1 at 1-2]. Plaintiff

generally alleges that, on February 13, 2021, beginning at 11:15 a.m., Officer

Minton (not a party) stood by while Plaintiff was attacked by another inmate

(Albright). [Id. at 5]. According to the grievance forms attached to Plaintiff's Complaint, Albright attacked Plaintiff in Plaintiff's cell. [Doc. 1-1 at 4]. Plaintiff claims violation of her rights under the Eighth Amendment by cruel and unusual punishment, deliberate indifference, and failure to protect Plaintiff from violence. [Id. at 3].

For injuries, Plaintiff claims that her face was badly scratched and that her mental health has suffered from the incident. [Id. at 5]. Plaintiff seeks monetary relief only. [Id. at 5].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint

raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.   DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff here seeks to state an Eighth Amendment claim primarily based on an alleged failure to protect her from harm. Plaintiff, however, names only the NCDPS as a Defendant in this matter. The NCDPS is not a proper defendant in a § 1983 action. Neither the State of North Carolina nor its agencies constitute "persons" subject to suit under Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Furthermore, the Eleventh Amendment bars Plaintiff's suit for money damages against the State of

3

North Carolina and its various agencies.  See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).  As such, Plaintiff's Complaint against the NCDPS fails initial review for Plaintiff's failure to state a claim for relief.  The Court will dismiss the NCDPS as a Defendant.

The Court, however, will allow Plaintiff to amend her Complaint to state a claim for relief.  Plaintiff is admonished that she must name a proper Defendant or Defendants and that she must allege how each Defendant personally participated in the alleged conduct.

## IV.   CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review.  The Court will allow Plaintiff thirty (30) days to amend her Complaint, if she so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order.  Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint.  Piecemeal amendment will not be permitted.  Should Plaintiff fail to timely amend her Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend her Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend her Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the NCDPS shall be **DISMISSED** as a Defendant in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED.**

Signed: January 6, 2023

Martin Reidinger
Chief United States District Judge