UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00619-MR

| ELIZABETH D. MCMULLEN, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| FNU MINTON, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Doc. 10], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2) and 1915A.

I.  **BACKGROUND**

Pro se Plaintiff Elizabeth D. McMullen ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Anson Correctional Institution ("Anson CI") in Polkton, North Carolina. On November 14, 2022, she filed this action pursuant to 42 U.S.C. § 1983, naming the North Carolina Department of Public Safety (NCDPS) as the sole Defendant. [Doc. 1 at 1-2]. Plaintiff's Complaint failed initial review because the NCDPS is not a proper Defendant in a § 1983 action. [Doc. 9 at 3-4]. The Court allowed Plaintiff the opportunity to amend her Complaint but admonished her that she

must name a proper Defendant or Defendants. [Id. at 4]. Plaintiff timely filed an Amended Complaint, which is now before the Court on initial review. [Doc. 10].

In her Amended Complaint, Plaintiff names FNU Minton and FNU Tillman, both identified as correctional officers at Anson CI, as Defendants in this matter in their official capacities only. [Id. at 2]. Plaintiff alleges as follows. On the morning of February 13, 2021, inmate Debbie Albright loudly announced to unidentified officers and Sergeant Beathea that "she was going to take one of us to seg that day," because officials were moving her girlfriend, Amanda Staggard. Sergeant Beathea then radioed instructions "to put a cap on Debbie Albright['s] door and no one was to open it without him giving the okay." Defendant Minton told Albright that Plaintiff had been in Sergeant Beathea's office that morning writing a statement against Albright and Staggard. Defendant Minton was instructed not to leave Staggard's cell door, but Minton did so despite knowing that Albright was violent and wanted to attack the Plaintiff.[1] Later that morning, Plaintiff was asleep in her cell. Defendant Tillman, who was in the control booth in Union Unit, unlocked the door to inmate Debbie Albright's cell, despite Sergeant Beathea's earlier

---

[1] It appears, but is not entirely clear, from Plaintiff's allegations that Albright and Staggard shared a cell.

2

instructions. After Defendant Tillman unlocked Albright's door, Albright entered Plaintiff's cell, "locked [them] in" and attacked the Plaintiff in her sleep. Defendant Minton stood at the rail "for so many minutes" while Plaintiff was screaming for help. [Id. at 4-5, 7]. Defendant Minton "finally walked very slowly towards [Plaintiff's] room," but "never called a code 4," even after watching Albright on top of Plaintiff beating Plaintiff's head against the wall. [Id. at 7].

Plaintiff's claims Defendants Minton and Tillman violated her rights under the Eighth Amendment through their deliberate indifference, cruel and unusual punishment, and failure to protect Plaintiff from violence. [Id. at 3]. For injuries, Plaintiff claims that her face "was scratched up pretty bad," all her make-up was broken, she is having difficulty sleeping, and her anxiety is "so bad now." [Id. at 6]. She seeks monetary relief only. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and

the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan,

511 U.S. 825, 834 (1994) (quotation marks omitted). The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986).

The Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials a duty to protect prisoners from violence at the hands of other prisoners and other prison officials. See Farmer, 511 U.S. at 833. Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To state a claim against a prison official for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To be deliberately indifferent, a prison official must "know of and disregard an objectively serious … risk of harm." Id.

Plaintiff sues Defendants, who are state officials, in their official capacities only. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not

a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. <u>Allen v. Cooper</u>, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See <u>Ballenger v. Owens</u>, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants in their official capacities do not survive initial review and will be dismissed. The Court, however, will allow Plaintiff one more chance to amend her Complaint to properly state a claim for relief against a proper defendant in the proper capacity.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Amended Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to again amend her Complaint, if she so chooses, to properly state a claim upon which relief can be granted against a proper defendant. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the original and first Amended Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend her Complaint in accordance with the terms of this Order, the Court will dismiss this action with prejudice. See <u>Green v. Wells Fargo Bank, N.A.</u>,

790 Fed. App'x 535, 536 (4th Cir. 2020).

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to again amend her Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend her Complaint, the matter will be dismissed with prejudice in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants in their official capacities are **DISMISSED**.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: February 28, 2023

Martin Reidinger
Chief United States District Judge