| | |
|---|---|
| ELIZABETH D. MCMULLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU MINTON, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Second Amended Complaint, [Doc. 12], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

**I.  BACKGROUND**

Pro se Plaintiff Elizabeth D. McMullen ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Anson Correctional Institution ("Anson CI") in Polkton, North Carolina. On November 14, 2022, she filed this action pursuant to 42 U.S.C. § 1983, naming the North Carolina Department of Public Safety (NCDPS) as the sole Defendant. [Doc. 1 at 1-2]. Plaintiff's Complaint failed initial review because the NCDPS is not a proper Defendant in a § 1983 action. [Doc. 9 at 3-4]. The Court allowed

Plaintiff the opportunity to amend her Complaint but admonished her that she must name a proper Defendant or Defendants. [Id. at 4]. Plaintiff timely filed an Amended Complaint. [Doc. 10]. In her Amended Complaint, Plaintiff named FNU Minton and FNU Tillman, both identified as correctional officers at Anson CI, as Defendants in this matter in their official capacities only. [Id. at 2]. Plaintiff claimed that Defendants Minton and Tillman violated her rights under the Eighth Amendment through their deliberate indifference, cruel and unusual punishment, and failure to protect Plaintiff from violence by another inmate. [Id. at 3]. Plaintiff's Amended Complaint failed initial review, however, because Plaintiff sued Defendants in their official capacities only. [Doc. 11 at 5-6]. The Court allowed Plaintiff one more chance to amend her Complaint to properly state a claim for relief. [Id. at 6-7]. The Court admonished Plaintiff that piecemeal amendment would not be allowed and that this action would be dismissed with prejudice if Plaintiff failed to properly amend her Complaint. [Id. at 6]. Now before the Court is Plaintiff's Second Amended Complaint in which she names Defendants Minton and Tillman in their individual capacities. [Doc. 12 at 1-2]. Plaintiff alleges that, on February 13, 2021, at approximately 11:15 a.m. at Anson CI, the following occurred.

> An inmate was being moved from my pod by one Sgt. for things she done, her & her girlfriend openly threatened the whole pod in front of several officers and 2 Sgts. The inmate (Debbie Albright) who's

> girlfriend was being moved had officer C/O Minton walk away when she was told not to and open Albright's door when a cap was on it by her Sgt.) So she come in my room shut us (lock) in and violently attack me while C/O Minton stood and watched the whole time! And did nothing.

[Id. at 5 (errors uncorrected)]. Plaintiff again states claims based on deliberate indifference, cruel and unusual punishment, and the failure to protect her from violence. [Id. at 3].

For injuries, Plaintiff alleges that she sustained "a large amount of scratches" on her face and that her mental health "is horrible now." [Id. at 5]. Plaintiff seeks monetary relief only. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III.   DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials a duty to protect prisoners from violence at the hands of other prisoners and other prison officials. See Farmer v. Brennan, 511 U.S. 825, 833 (1994). Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To state a claim

against a prison official for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To be deliberately indifferent, a prison official must "know of and disregard an objectively serious … risk of harm." Id.

Taking Plaintiff's allegations as true and giving her the benefit of every reasonable inference, Plaintiff's Eighth Amendment failure to protect claim against Defendant Minton is not clearly frivolous and survives initial review. Plaintiff, however, makes no allegations against Defendant Tillman, and he will be dismissed as a Defendant in this matter.

## IV. CONCLUSION

In sum, Plaintiff's Eight Amendment failure to protect claim against Defendant Minton survives initial review.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Eighth Amendment failure to protect claim against Defendant Minton passes initial review. Defendant Tillman is **DISMISSED** as a Defendant in this matter.

**IT IS, THEREFORE, ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for

Defendant Minton, who is alleged to be current or former employee of the North Carolina Department of Public Safety.

The Clerk is also instructed to mail Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: April 3, 2023

Martin Reidinger
Chief United States District Judge