IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00619-MR

| | |
|---|---|
| ELizABETH D. MCMULLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| ) | |
| JASMINE MINTON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Defendant's original and Amended Motion for Summary Judgment.[1] [Docs. 38, 41].

I. **PROCEDURAL BACKGROUND**

On November 14, 2022, Pro Se Plaintiff Elizabeth D. McMullen ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 for the violation of her civil rights while incarcerated at Anson Correctional Institution ("Anson") in Polkton, North Carolina. [Doc. 1]. Plaintiff's unverified original and Amended Complaints failed initial review under 28 U.S.C. §§ 1915(e)(2) and

---

[1] Defendant's original motion for summary judgment was filed with an unsigned Declaration of Defendant Jasmine Minton. [Docs. 38, 38-1]. Defendant promptly corrected this error and filed an amended motion, including a signed Declaration of Defendant Minton. [Docs. 41, 41-1]. The Court, therefore, will deny Defendant's original summary judgment motion as moot.

1915A for the reasons stated in the Court's Orders. [Docs. 1, 9, 10, 11]. In her unverified Second Amended Complaint, Plaintiff claimed Defendants Jasmine Minton and FNU Tillman, both identified as Correctional Officers at Anson, violated her rights under the Eighth Amendment. [Doc. 12 at 3]. Plaintiff alleged that, on February 13, 2021, another inmate violently attacked her while Defendant Minton "stood and watched the whole time." [Id. at 5]. Plaintiff's failure-to-protect claim against Defendant Minton survived initial review and the Court dismissed Defendant Tillman as a Defendant for Plaintiff's failure to state a claim for relief against him. [Doc. 13 at 5].

On August 15, 2024, Defendant moved for summary judgment. [Doc. 38; see Doc. 41]. Defendant argues that summary judgment should be granted because she did not violate Plaintiff's Eighth Amendment rights and because she is entitled to qualified immunity. [Doc. 39]. In support of her summary judgment motion, Defendant submits a brief and her own Declaration. [Docs. 39, 41-1].

Thereafter, the Court entered an order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the requirements for filing a response to the summary judgment motion and of the manner in which evidence could be submitted to the Court. [Doc. 40]. The Plaintiff was specifically advised that she "may not rely upon mere allegations or denials

2
Case 3:22-cv-00619-MR    Document 44    Filed 10/04/24    Page 2 of 8

of allegations in [her] pleadings to defeat a summary judgment motion." [Id. at 2]. Rather, she must support her assertion that a fact is genuinely disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." [Id. (citing Fed. R. Civ. P. 56(c)(1)(a))]. The Court further advised that:

> An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or statements must be presented by Plaintiff to this Court no later than fourteen (14) days from the date of this Order and must be filed in duplicate.

[Id. at 3-4 (citing Fed. R. Civ. P. 56(c)(4))].

In response to Defendant's summary judgment motion, Plaintiff filed an unsworn two-page statement. [Doc. 42]. As noted, none of Plaintiff's three Complaints in this matter were verified or otherwise submitted under penalty of perjury and, therefore, cannot be considered for their evidentiary value here. See Goodman v. Diggs, 986 F.3d 493, 498-99 (4th Cir. 2021) (holding that a district court is to consider verified prisoner complaints as affidavits on summary judgment "when the allegations contained therein are based on personal knowledge"). Thus, in terms of evidentiary forecast, the

3

Defendant's is unrefuted.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n. 3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party

must oppose a proper summary judgment motion with citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). Courts "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt. Inc. v. J.D. Assoc.'s, LLP, 213 F.3d 174, 180 (4th Cir. 2000). The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. Facts, however, "must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007).

## III. FACTUAL BACKGROUND

Defendant's uncontroverted forecast of evidence shows the following.

On February 13, 2021, Defendant Minton, who was a Correctional Officer at Anson, was monitoring another inmate who was packing her

5

belongings in her cell. [Doc. 41-1 at ¶¶ 2, 4]. While she was monitoring this inmate, Defendant Minton saw Debbie Albright, another inmate, run into the cell where the Plaintiff was located and close the door behind her. [Id. at ¶ 4]. Defendant Minton immediately ran to the cell. Before she could enter the cell, however, Defendant Minton had to radio the booth officer to open the door. [Id.]. As soon as the door opened, Defendant Minton entered the cell and intervened in the altercation. Inmate Albright complied with Defendant Minton's direct order to stop assaulting the Plaintiff. The inmates were separated following the altercation, and the Plaintiff was escorted to medical to receive treatment for the scratches on her face. [Id.]. Defendant Minton does not know what prompted the altercation and had no reason to suspect it would occur. [Id. at ¶ 5]. Plaintiff never told Defendant Minton that Inmate Albright had threatened her prior to the assault or otherwise indicated that Albright posed a danger to the Plaintiff. [Id. at ¶ 6].

## IV.  DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged failure to protect fall within the Eighth Amendment's prohibition against cruel and unusual punishment. The negligent failure to protect an inmate from assaults by other prisoners, or by other prison guards, does not rise to the level of an unconstitutional violation. Davidson v. Cannon, 474 U.S. 344, 348 (1986).

To show deliberate indifference, a plaintiff must show that the prison official had actual knowledge of an excessive risk to the plaintiff's safety. Danser v. Stansberry, 772 F.3d 340, 346 (4th Cir. 2014) (citation omitted). In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The uncontroverted forecast of evidence shows that Defendant Minton responded immediately to Albright's attack on Plaintiff and that Defendant Minton entered the cell to intervene as soon as it was opened by the booth officer. Moreover, the uncontroverted forecast of evidence shows that Defendant Minton had no reason to believe that Inmate Albright posed any particular risk to the Plaintiff. As such, there is no forecast evidence from which a reasonable jury could conclude that Defendant Minton was deliberately indifferent to an excessive risk to Plaintiff's safety. Because there is no genuine issue for trial, the Court will dismiss Plaintiff's claim. Moreover, because the forecast of evidence does not support that a constitutional right was violated, Defendant would also be protected by qualified immunity. See E.W. ex rel. T.W. v. Dolgos, 884 F.3d 172, 178 (4th Cir. 2018).

For the reasons stated herein, the Court will grant Defendant's motion for summary judgment.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendant's Amended Motion for Summary Judgment [Doc. 41] is **GRANTED**, and this action is hereby **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [Doc. 38] is **DENIED** as moot.

The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: October 4, 2024

Martin Reidinger
Chief United States District Judge